UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT ANDREW LUCERO,<br><br>            Petitioner,<br><br>   v.<br><br>MIKE D. McDONALD,<br><br>            Respondent. | 1:10-cv–01714-SKO-HC<br><br>ORDER DISMISSING PETITION FOR PETITIONER'S FAILURE TO PROSECUTE AND FOLLOW A COURT ORDER  (DOC. 1)<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on December 2, 2010 (doc. 8), and entered on the docket on December 10, 2010.  Pending before the Court is the petition, which was filed on September 10, 2010, and transferred to this division on September 20, 2010.

///

1

I. Background

On September 21, 2010, the Court issued and served on Petitioner by mail new case documents and an order authorizing Petitioner to proceed in forma pauperis. (Docs. 5, 6.) On October 1 and 8, 2010, the orders served on Petitioner were returned by the U.S. Postal Service as undeliverable and with the notation "unable to forward." Petitioner filed a consent to the jurisdiction of the Magistrate Judge on December 2, 2010. On December 20, 2010, the Court issued and served by mail on Petitioner an order to Petitioner to file within fourteen days updated address information and an explanation for the previous delay, or to face dismissal of the petition. (Doc. 9.) On January 3, 2011, the mailed order was returned as undeliverable.

II. Analysis

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times. Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Further, Local Rule 110 provides:

> Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions

2

including, where appropriate...dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In the instant case, over sixty-three days (63) have passed since Petitioner's mail was first returned, and he has not notified the Court of a current address.

Further, over fourteen days have passed since the Court directed Petitioner to file updated address information and an explanation, but Petitioner has failed to respond with the required information or seek an extension of time within which to do so. The Court's order to Petitioner has been returned as undeliverable.

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation;

3

1  (2) the Court's need to manage its docket; (3) the risk of
2  prejudice to the respondents; (4) the public policy favoring
3  disposition of cases on their merits; and (5) the availability of
4  less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson,
5  779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at
6  1260-61; Ghazali, 46 F.3d at 53.
7     In the instant case, because the petition has been pending
8  for a lengthy period, the Court finds that the public's interest
9  in expeditiously resolving this litigation and the Court's
10 interest in managing the docket weigh in favor of dismissal.  The
11 third factor, risk of prejudice to respondents, also weighs in
12 favor of dismissal, since a presumption of injury arises from the
13 occurrence of unreasonable delay in prosecuting an action.
14 Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The
15 fourth factor -- public policy favoring disposition of cases on
16 their merits -- is greatly outweighed by the factors in favor of
17 dismissal discussed herein.  Finally, a court's warning to a
18 party that his failure to obey the court's order will result in
19 dismissal satisfies the "consideration of alternatives"
20 requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833
21 at 132-33; Henderson, 779 F.2d at 1424.  The Court's order
22 requiring Petitioner to provide updated information and an
23 explanation expressly informed Petitioner that if Petitioner did
24 not comply with the order, the petition would be dismissed for
25 Petitioner's failure to prosecute and comply with the rules and
26 orders of the Court.  (Doc. 9, 3.)  Thus, Petitioner had adequate
27 warning that dismissal would result from his noncompliance with
28 the Court's order.

The Court concludes that dismissal is appropriate.

III. <u>Certificate of Appealability</u>

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. <u>Id.</u> It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. <u>Miller-El v.</u>

5

1  Cockrell, 537 U.S. at 338.
2       A district court must issue or deny a certificate of
3  appealability when it enters a final order adverse to the
4  applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.
5       Here, it does not appear that reasonable jurists could
6  debate whether the petition should have been resolved in a
7  different manner.  Petitioner has not made a substantial showing
8  of the denial of a constitutional right.  Accordingly, the Court
9  will decline to issue a certificate of appealability.
10      IV.  Disposition
11      Accordingly, it is ORDERED that:
12      1)  The petition is DISMISSED without prejudice for
13 Petitioner's failure to follow the order of the Court and failure
14 to prosecute the action; and
15      2)  The Clerk is DIRECTED to close the action because this
16 order terminates the proceeding in its entirety; and
17      3)  The Court DECLINES to issue a certificate of appeal
18 ability.

20 IT IS SO ORDERED.
21 **Dated:   January 18, 2011**              /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE