UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT ANDREW LUCERO,<br><br>                    Petitioner,<br><br>     v.<br><br>MIKE D. McDONALD,<br><br>                    Respondent.<br>_____ | ) 1:10-cv—01714-SKO-HC<br>)<br>) ORDER DEEMING PETITIONER'S<br>) LETTERS AND MOTIONS TO BE A<br>) MOTION FOR RECONSIDERATION OF THE<br>) DISMISSAL OF HIS PETITION<br>) (DOCS. 13-16)<br>)<br>) ORDER GRANTING PETITIONER'S<br>) MOTION FOR RECONSIDERATION OF THE<br>) DISMISSAL OF HIS PETITION<br>) (DOCS. 13-16) |

ORDER VACATING THE JUDGMENT AND
ORDER OF DISMISSAL OF THE
PETITION (DOCS. 10, 11)

ORDER DISMISSING THE PETITION
WITH LEAVE TO FILE A FIRST
AMENDED PETITION NO LATER THAN
THIRTY DAYS AFTER SERVICE OF THIS
ORDER

ORDER DIRECTING THE CLERK TO SEND
PETITIONER A BLANK PETITION FOR
WRIT OF HABEAS CORPUS

**DEADLINE FOR FILING FIRST AMENDED
PETITION: THIRTY (30) DAYS**

Petitioner is a state prisoner who proceeded pro se and in
forma pauperis with a petition for writ of habeas corpus pursuant
to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1),
Petitioner consented to the jurisdiction of the United States

1

1  Magistrate Judge to conduct all further proceedings in the case,

2  including the entry of final judgment, by manifesting consent in

3  a signed writing filed by Petitioner on December 2, 2010 (doc.

4  8), and entered on the docket on December 10, 2010.  On January

5  19, 2011, the petition was dismissed for Petitioner's failure to

6  prosecute and follow a court order, and judgment was entered.

7  Pending before the Court are Petitioner's letters, filed on

8  February 17, 2011, and April 21, 2011, and his motions for

9  correction and to proceed with the case filed on July 29, 2011,

10  which the Court DEEMS to be a motion for reconsideration of the

11  Court's dismissal of the petition filed as of February 13, 2011.[1]

12     I.  Background

13     The petition was filed on September 10, 2010, and

14  transferred to this division on September 20, 2010.  In the

15  petition, Petitioner challenges convictions suffered in 2007 in

16  the Stanislaus County Superior Court.

17     The petition bore Petitioner's name and the apparently

18  erroneous prisoner identification number of "V-66713."  (Pet. 1.)

19  It was signed by Petitioner and dated August 7, 2010.  (Id. at

20  14.)  An inmate statement report concerning Petitioner's trust

21  account, which was submitted simultaneously with the petition,

22

23     [1] Petitioner's first letter was dated February 13, 2011.  Under the

24  mailbox rule, a prisoner's pro se habeas petition is "deemed filed when he
   hands it over to prison authorities for mailing to the relevant court."

25  Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001); Houston v. Lack, 487
   U.S. 266, 276 (1988).  The mailbox rule applies to federal and state petitions
   alike.  Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (citing

26  Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th. Cir. 2003), and Smith v.
   Ratelle, 323 F.3d 813, 816 n.2 (9th Cir. 2003)).  It has been held that the

27  date the petition is signed may be inferred to be the earliest possible date
   an inmate could submit his petition to prison authorities for filing under the

28  mailbox rule.  Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003),
   overruled on other grounds, Pace v. DiGuglielmo, 544 U.S. 408 (2005).

1   reflected an identification number of V06713.  (Doc. 2, 3.)

2       On September 21, 2010, the Court issued and served on

3   Petitioner by mail new case documents and an order authorizing

4   Petitioner to proceed in forma pauperis.  (Docs. 5, 6.)  On

5   October 1 and 8, 2010, the orders served on Petitioner were

6   returned by the U.S. Postal Service as undeliverable and with the

7   notation "unable to forward."

8       Petitioner filed a consent to the jurisdiction of the

9   Magistrate Judge on December 2, 2010.  On December 20, 2010, the

10  Court issued and served by mail on Petitioner an order to

11  Petitioner to file within fourteen days updated address

12  information and an explanation for the previous delay, or to face

13  dismissal of the petition.  (Doc. 9.)  On January 3, 2011, the

14  mailed order was returned as undeliverable.

15      On January 19, 2011, the petition was dismissed for

16  Petitioner's failure to prosecute the action and failure to

17  follow an order of the Court.  Judgment was entered and served by

18  mail on Petitioner on January 19, 2011.  On February 1, 2011, the

19  mail was returned as undeliverable with the notation,

20  "Name & CDC # Do Not Match."[2]

21      On January 24, 2011, following service of the order of

22  dismissal and judgment but before the documents were returned as

23  undeliverable, attorney Jerome P. Wallingford filed a letter

24  dated January 20, 2011, that referred to the petition in this

25

26  _____

27      [2] Prisoner identification numbers are assigned by the California
    Department of Corrections and Rehabilitation (CDCR), formerly the California
    Department of Corrections (CDC).

28      The Court notes that the docket has been corrected to reflect
    Petitioner's correct identification number, namely, V-06713.

3

1  action.  (Doc. 12.)  Wallingford stated that he had represented

2  Petitioner during proceedings on direct appeal in the California

3  state courts.  Wallingford confirmed that Petitioner was

4  proceeding pro se in this proceeding.  Wallingford stated that he

5  had received an inquiry from Petitioner in November 2010

6  concerning having heard nothing "back from the court."  (<u>Id.</u> at

7  1.)  Wallingford stated that he had checked the electronic filing

8  system (Pacer), and he reported as follows:

> <u>I noted that the court was using the wrong address</u>
> <u>to write to Mr. Lucero</u>.  Although his correct address
> includes inmate number V-<u>0</u>6713, the court was
> mistakenly sending him documents using inmate
> number V-<u>6</u>6713.  This type of discrepancy will
> cause mail to not be delivered to an inmate.  I
> wrote to Mr. Lucero, informed him of the problem,
> and told him to write to the court and provide his
> correct inmate number.
>
> Today I received another letter from Mr. Lucero
> in which he indicates he followed my instructions,
> but has still not heard from the court.  He asked
> if I would check the matter again.  When I pulled
> the case up on Pacer, I noted that the docket does
> not indicate receipt of Mr. Lucero's letter.  I
> further note that an order was issued yesterday,
> January 19th, dismissing the case.
>
> I am now writing to inform you of the problem,
> and to ask that action be taken to correct it.
> I am sending a copy of this letter to Mr. Lucero.
> His correct mailing address is:
>
>         Albert Andrew Lucero, V-06713
>         High Desert State [Prison]
>         P.O. Box 3030
>         Susanville, CA 09127-3030

(<u>Id.</u>)

     On February 17, 2011, Petitioner filed a letter dated

February 13, 2011, in which he stated that he was representing

himself in this proceeding and that after filing the petition, he

had "YET TO HEAR BACK FROM FEDERAL COURT."  (Doc. 13.)  He

4

further stated:

> I FOUND OUT THAT MY IDENTIFICATION NUMBER WAS NOT
> RIGHT AS THIS WILL BE A PROBLEM FOR ME NOT GETTING
> MY MAIL!  AND ON JANUARY 20, 2011, MR. JEROME P.
> WALLINGFORD ATTORNEY AT LAW WROTE TO THE EASTERN
> DISTRICT TO CLEAR THIS PROBLEM WITH GIVING MY CORRECT
> ADDRESS AS I HAVE FOR THE SECOND TIME.  I HEAR BY
> WRITE TO YOU ONEC (sic) AGAIN SO THAT MY CASE IS
> NOT DISMIST (sic).  I HOPE THIS CLEARS UP THIS
> PROBLEM.

(Id. at 1.)  Petitioner set forth his address with the inmate number of "V-06713.  (Id.)

On April 21, 2011, Petitioner filed an undated letter explaining that his "CDC" number was V06713, not V66713.  He stated that he had written the Court several times and had even had attorney Wallingford write the Court to notify the Court why Petitioner had not been receiving his mail.  Petitioner stated he found out that his case had been dismissed, but contended that he had not received fair notice and an opportunity to show why the limitations period should not have resulted in dismissal.

Petitioner filed further motions for correction and to proceed with his petition on July 29, 2011 (docs. 15-16).

II.  Motion to Reconsider Dismissal of the Petition

A motion for reconsideration is generally treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) if it is filed within the 28-day time limit set by Rule 59(e). United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992).  Otherwise, it is treated as a motion pursuant to Fed. R. Civ. P. 60(b) for relief from a judgment or order.  American Ironworks & Erectors, Inc. v. North American Const. Corp., 248 F.3d 892, 989-99 (9th Cir. 2001).

///

5

A.   <u>Motion pursuant to Rule 59(e)</u>

Through operation of the mailbox rule, Petitioner's letter dated February 13, 2011, was effectively filed within twenty-eight days of the entry of judgment on January 19, 2011.  The Court will therefore consider Petitioner's motion under both Rules 59(e) and 60(b).  See, <u>United States v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1130 (E.D. Cal. 2001).

Petitioner does not state grounds sufficient to warrant relief pursuant to Fed. R. Civ. P. 59(e).  Such a motion is appropriate when there are highly unusual circumstances, the district court is presented with newly discovered evidence, the district court committed clear error, or a change in controlling law intervenes.  <u>School Dist. No. 1J, Multnomah County, Oregon v. Acands, Inc.</u>, 5 F.3d 1255, 1262 (9th Cir. 1993).  To avoid being frivolous, such a motion must provide a valid ground for reconsideration.  See, <u>MCIC Indemnity Corp. v. Weisman</u>, 803 F.2d 500, 505 (9th Cir. 1986).

Under Fed. R. Civ. P. 59(e) or 60(b)(2), to prevail on a motion based on newly discovered evidence, the moving party must show that the evidence 1) existed at the time of the trial, 2) could not have been discovered through due diligence, and 3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case.  <u>Jones v. Aero/Chem Corp.</u>, 921 F.2d 875, 878 (9th Cir. 1990).  The difference between the motions under the two rules has been characterized as one of degree.  <u>Id.</u>

Here, although Petitioner's prisoner identification number existed at the time of the dismissal, it has not been shown that

1  the status of the identification number, which was correctly
2  stated on Petitioner's motion to proceed in forma pauperis, could
3  not have been discovered through due diligence.

4      The court concludes that Petitioner has not shown he is
5  entitled to relief under either Rule 59(e) or 60(b) on the basis
6  of newly discovered evidence.  Because none of the other bases of
7  relief pursuant to Rule 59(e) is present, it is concluded that
8  Petitioner is not entitled to relief pursuant to Rule 59(e).

9          B.   Rule 60(b)

10     Fed. R. Civ. P. 60 applies to habeas proceedings only to the
11 extent that such application is not inconsistent with the
12 applicable federal statutes and rules.  Gonzalez v. Crosby, 545
13 U.S. 524, 529 (2005) (challenge to dismissal of a § 2254 petition
14 for untimeliness).  Although successive petitions are limited by
15 statute, it is appropriate to consider a Rule 60(b) motion in a
16 § 2254 proceeding where a petitioner uses the vehicle not to
17 allege a claim or to attack the substance of the federal court's
18 resolution of a claim on the merits, but rather to challenge a
19 ruling that precluded a merits determination and thereby raise
20 some defect in the integrity of the federal habeas proceedings,
21 such as failure to exhaust, procedural default, or statute of
22 limitations.  Id. at 532, 538.

23     Here, Petitioner challenges the Court's determination that
24 Petitioner failed to prosecute and failed to follow an order of
25 the Court.  Thus, Rule 60(b) is applicable in Petitioner's case.

26     Federal Rule of Civil Procedure 60(b) governs the
27 reconsideration of final orders of the district court.  The rule
28 permits a district court to relieve a party from a final order or

7

judgment on various grounds, including 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud or misconduct by an opposing party; 4) a void judgment; 5) a satisfied judgment; or 6) any other reason that justifies relief from the judgment.  Fed. R. Civ. P. 60(b).

The motion for reconsideration must be made within a reasonable time, and with respect to the first three grounds, no more than a year after the entry of the judgment, order, or proceeding.  Fed. R. Civ. P. 60(c).  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988).  As stated by the Ninth Circuit, "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'"  LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986) (quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981)).  Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id.

Further, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," as well as "why the facts or circumstances

8

1   were not shown at the time of the prior motion."

2       Petitioner appears to contend that his failure to use the

3   correct identification number or to discover his mistake in

4   putting the incorrect number on his petition warrants relief on

5   the basis of excusable neglect.

6       Excusable neglect is a ground for relief in various federal

7   rules of procedure.  Pioneer Investment Services Co. v. Brunswick

8   Associates Ltd. Partnership, 507 U.S. 380, 391-95 (1993).  The

9   determination of what types of neglect will be considered

10  "excusable" is an equitable determination which takes account of

11  all relevant circumstances surrounding the party's omission,

12  including the danger of prejudice to the other party, the length

13  of the delay and its potential impact on judicial proceedings,

14  the reason for the delay, including whether it was within the

15  reasonable control of the movant, and whether the movant acted in

16  good faith.  Id. at 395.  Excusable neglect need not involve

17  matters beyond a party's control; rather, it includes the results

18  of inadvertence, mistake, or carelessness.  Id. at 388.  Under

19  Rule 60(b), "excusable neglect" is liberally construed,

20  particularly where the order or judgment from which relief is

21  sought forecloses trial on the merits of a claim.  Rodgers v.

22  Watt, 722 F.2d 456, 458-60 (9th Cir. 1983).

23      Here, the precise reason for Petitioner's mistake in

24  stating his identification number on his petition is unclear.

25  There is no evidence of any intentional misstatement or of any

26  bad faith on the part of Petitioner.  Thus, it can be inferred

27  that Petitioner inadvertently misstated his number on the

28  petition.

The delay of several months in prosecuting the action was significant but not particularly lengthy.  However, based on Wallingford's letter, Petitioner began seeking information from counsel about the failure to hear anything from the Court as early as November 2010, about two months after the petition was filed.  Petitioner diligently sought information from counsel about the state of the docket and did not himself have access to the docket.  The papers demonstrate that Petitioner attempted on multiple occasions to communicate with the Court about the problem, and followed up with counsel when the problem remained unresolved.  Thus, Petitioner's diligence in attempting to discover and correct the mistake are clear.  Further, there is no suggestion that the delay has caused or would cause any prejudice to the respondent.  Finally, if the judgment of dismissal is not set aside, consideration of the merits of Petitioner's contentions would be foreclosed.

In summary, the Court has reconsidered the question of Petitioner's prosecution of his action and his compliance with the Court's orders.  The court concludes that Petitioner has shown he is entitled to relief from the order and judgment of dismissal pursuant to Rule 60(b) on the basis of excusable neglect.

Accordingly, it will be ordered that the dismissal of the petition and judgment entered thereon on January 19, 2011, be vacated, and that the action proceed on the petition.

III.  <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make

a preliminary review of each petition for writ of habeas corpus.
The Court must summarily dismiss a petition "[i]f it plainly
appears from the petition and any attached exhibits that the
petitioner is not entitled to relief in the district court...."
Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.
1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.
1990).  Habeas Rule 2(c) requires that a petition 1) specify all
grounds of relief available to the Petitioner; 2) state the facts
supporting each ground; and 3) state the relief requested.
Notice pleading is not sufficient; rather, the petition must
state facts that point to a real possibility of constitutional
error.  Rule 4, Advisory Committee Notes, 1976 Adoption;
O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v.
Allison, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a petition
that are vague, conclusory, or palpably incredible are subject to
summary dismissal.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th
Cir. 1990).

     The Court may dismiss a petition for writ of habeas corpus
either on its own motion under Habeas Rule 4, pursuant to the
respondent's motion to dismiss, or after an answer to the
petition has been filed.  Advisory Committee Notes to Habeas Rule
8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43
(9th Cir. 2001).

     Petitioner is serving a sentence of forty-one (41) years to
life.  He challenges his convictions of attempted murder, assault
with a deadly weapon, and possession of a "shank" in jail
sustained in 2007 in the Stanislaus County Superior Court.  (Pet.
2.)  Petitioner alleges the following claims in the petition: 1)

admission of a redacted version of a statement of co-defendant

Armando Lopez, in light of the jury's inability to follow a

curative instruction, violated Petitioner's right to confront the

witnesses against him; 2) the state courts misapplied the

standard of harmless error set forth in Chapman v. California,

386 U.S. 18 (1967); 3) a memorandum (huila) was not properly

authenticated, and thus its admission was erroneous; 4) the

admissible evidence was insufficient to support Petitioner's

conviction of possession of a "shank" in the jail; and 5)

Petitioner incorporates by reference unspecified, additional

grounds for review that had been presented by his co-defendants

("all grounds for review presented by co-appellants Paul Anthony

Lopez and Armando Lopez in their petitions for review filed in

this case.")[3]  (Id. at 13, 7-13.)

A.  State Law Claims

Federal habeas relief is available to state prisoners only

to correct violations of the United States Constitution, federal

laws, or treaties of the United States.  28 U.S.C. § 2254(a).

Federal habeas relief is not available to retry a state issue

that does not rise to the level of a federal constitutional

_____

[3] The petition for review is not summarized in the petition, and it does not appear as an exhibit to the petition.  However, included as an appendix to the petition is the opinion of the intermediate state appellate court (doc. 1, 16-40), in which co-defendants or all defendants raised additional issues, including whether there was insufficient evidence to sustain the jury's finding of personal infliction of great bodily injury that would support a sentence enhancement, whether the trial court erred in failing to instruct the jury concerning personal infliction of great bodily injury, whether the jury should have received additional instructions concerning group assault, whether defendants were denied due process of law by a law enforcement officer's coaching of witness Lindsay, whether the trial court erred in failing to administer the oath to prospective jurors during voir dire as required by state law, and whether the trial court erroneously polled the jurors in violation of state statutes.  (Pet. 29-40.)

12

1   violation.  <u>Wilson v. Corcoran</u>, 562 U.S. — , 131 S.Ct. 13, 16

2   (2010); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991).  Alleged

3   errors in the application of state law are not cognizable in

4   federal habeas corpus.  <u>Souch v. Schaivo</u>, 289 F.3d 616, 623 (9th

5   Cir. 2002) (an ex post facto claim challenging state court's

6   discretionary decision concerning application of state sentencing

7   law presented only state law issues and was not cognizable in a

8   proceeding pursuant to 28 U.S.C. § 2254); <u>Langford v. Day</u>, 110

9   F.3d 1380, 1389 (9th Cir. 1996).  The Court accepts a state

10  court's interpretation of state law.  <u>Langford v. Day</u>, 110 F.3d

11  1380, 1389 (9th Cir. 1996).  In a habeas corpus proceeding, this

12  Court is bound by the California Supreme Court's interpretation

13  of California law unless the interpretation is untenable or a

14  veiled attempt to avoid review of federal questions.  <u>Murtishaw</u>

15  <u>v. Woodford</u>, 255 F.3d 926, 964 (9th Cir. 2001).

16      With respect to Petitioner's third claim that a memorandum

17  was erroneously introduced into evidence because it was not

18  properly authenticated, Petitioner appears to be asserting a

19  claim that is based solely on state law.  It is established that

20  "incorrect" evidentiary rulings are not the basis for federal

21  habeas relief.  <u>Tinsley v. Borg</u>, 895 F.2d 520, 530 (9th Cir.

22  1990), <u>cert.</u> <u>denied</u>, 498 U.S. 1091 (1991).  As the Supreme Court

23  has stated, "[I]t is not the province of a federal habeas court

24  to reexamine state-court determinations on state-law questions."

25  <u>Estelle v. McGuire</u>, 502 U.S. 62, 68 (1991); <u>Gilmore v. Taylor</u>,

26  508 U.S. 333, 348-49 (1993).

27  ///

28

As presently stated, Petitioner's third claim appears to involve only an issue of state law.  Thus, the claim must be dismissed because it is not the type of claim that this Court may review in a proceeding pursuant to 28 U.S.C. § 2254.

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).  Because it is possible that Petitioner could state a tenable claim for relief, the petition will be dismissed with leave to file an amended petition.

### B. <u>Unspecified Claims Incorporated by Reference</u>

With respect to the additional grounds for review that were presented by Petitioner's co-defendants in their petitions for review filed in the California Supreme Court, Petitioner does not specify the grounds upon which the claims rest.  Petitioner describes them only as "all grounds for review presented by co-appellants Paul Anthony Lopez and Armando Lopez in their petitions for review filed in this case."  (Pet. 13.)  Petitioner states no facts in support of the claims.  Thus, Petitioner has failed to state facts that point to a real possibility of constitutional error.

Because Petitioner has failed to specify the grounds, facts, and relief sought with respect to these claims, the claims must be dismissed.  Petitioner will be given an opportunity to file a first amended petition in which Petitioner may specify the grounds, facts, and relief sought with respect to each claim he seeks to raise.

IV.   <u>Amendment of the Petition</u>

The petition must be dismissed for the reasons stated above. Petitioner will be given an opportunity to file a first amended petition to cure the deficiencies.  Petitioner is advised that failure to file a petition in compliance with this order (i.e., a completed petition with cognizable federal claims clearly stated and with exhaustion of state remedies clearly stated) within the allotted time will result in a recommendation that the petition be dismissed and the action be terminated.  Petitioner is advised that the amended petition should be entitled, "First Amended Petition," and it must refer to the case number in this action.

Further, Petitioner is informed that Local Rule 220 provides that unless prior approval to the contrary is obtained from the Court, every pleading as to which an amendment or supplement is permitted shall be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading.

V.   <u>Disposition</u>

Accordingly, it is ORDERED that:

1)   Petitioner's letters and motions (docs. 13-16) are DEEMED to be a motion for reconsideration of the order and judgment of dismissal of Petitioner's petition filed on January 19, 2011; and

2)   Petitioner's motion for reconsideration is GRANTED; and

3)   The order and judgment of dismissal of the petition filed on January 19, 2011, are VACATED; and

4)   The petition is DISMISSED with leave to amend; and

15

1    5)   Petitioner is GRANTED thirty (30) days from the date of

2    service of this order to file an amended petition in compliance

3    with this order; and

4    6) The Clerk of the Court is DIRECTED to send Petitioner a

5    form petition pursuant to 28 U.S.C. § 2254.

6    Petitioner is INFORMED that a failure to file a timely first

7    amended petition in compliance with this order will be considered

8    to be a failure to comply with an order of the Court within the

9    meaning of Local Rule 110 and will result in dismissal of the

10   petition.

12   IT IS SO ORDERED.

13   **Dated:    August 23, 2011**                    /s/ Sheila K. Oberto

14                                           UNITED STATES MAGISTRATE JUDGE

16