UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALBERT ANDREW LUCERO, | ) | 1:10-cv—01714-AWI-SKO-HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DISMISS AS MOOT PETITIONER'S |
| | ) | REQUEST FOR RECONSIDERATION OF |
| v. | ) | DISMISSAL OF STATE LAW CLAIMS |
| | ) | (DOC. 32) |
| MIKE D. McDONALD, | ) | |
| | ) | OBJECTIONS DEADLINE: |
| Respondent. | ) | THIRTY (30) DAYS AFTER SERVICE |
| | ) | OF THIS ORDER |
| _____ | ) | |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before Respondent was directed to respond to the petition, Petitioner had consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1) to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on December 2, 2010 (doc. 8), and entered on the docket on December 10, 2010. Respondent subsequently declined to consent to the jurisdiction of the Magistrate Judge. Pending before the Court is Petitioner's

request for reconsideration of the dismissal of two state law claims from his first amended petition (FAP).

I.  Background

On August 24, 2011, Petitioner's initial petition was dismissed with leave to amend.  Petitioner filed a first amended petition (FAP) on September 29, 2011.  In the second claim, Petitioner alleged a violation of his right to confrontation based on state and federal law.  In the third claim, Petitioner alleged that insufficiency of the evidence resulted in a violation of his due process rights based on both state and federal law.  On December 8, 2011, the Court dismissed the two claims in part without leave to amend, but the dismissal was only as to those claims that rested on state law.  The Court further ordered Respondent to respond to the FAP.

On February 1, 2012, Petitioner filed a motion for reconsideration of the dismissal of the second and third claims in the FAP.  Petitioner contends that these claims were actually based on federal law, and thus should not have been dismissed.  He therefore asks the Court to reconsider the dismissal of the claims so that their federal basis will be before the Court.

Petitioner's second and third claims still stand in the FAP to the extent that they are based on federal law, and Respondent has in effect been ordered to respond to the federal claims.  Federal habeas relief is available to state prisoners only to correct violations of the United States Constitution, federal laws, or treaties of the United States.  28 U.S.C. § 2254(a).  Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional

2

violation. Wilson v. Corcoran, 562 U.S. — , 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002).

Because Petitioner's second and third claims, which are based on federal law, remain in the FAP, the claims already enjoy the status which Petitioner seeks for them. Nothing remains to be done by the Court to bring about the circumstances which Petitioner seeks by his request for reconsideration.

The Court, therefore, concludes that Petitioner's request for reconsideration is moot.

II. Recommendation

Accordingly, it is RECOMMENDED that Petitioner's request for reconsideration be dismissed as moot.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 12, 2012**                               /s/ Sheila K. Oberto
                                                                           UNITED STATES MAGISTRATE JUDGE