# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT ANDREW LUCERO,<br><br>Petitioner,<br><br>v.<br><br>KIM HOLLAND, Warden,<br><br>Respondent. | Case No. 1:10-CV-01714-AWI-SKO-HC<br><br>ORDER DIRECTING RESPONDENT TO PROVIDE STATUS REPORT<br><br>[Doc. 73] |

Petitioner, Albert Andrew Lucero, is a state prisoner proceeding through counsel with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed his petition for writ of habeas corpus on September 10, 2010, alleging five grounds for habeas relief: (1) improper admission of evidence; (2) violation of Petitioner's right to confrontation; (3) insufficient evidence; (4) violation of Petitioner's Due Process Rights; and (5) state law errors.

On May 15, 2015, the District Court denied the petition and entered judgment for Respondent. Petitioner appealed to the Ninth Circuit Court of Appeals. On August 31, 2018, the Ninth Circuit affirmed in part, reversed in part, and remanded the petition with instructions for this Court to grant Petitioner's petition for writ of habeas corpus on his claim that his conviction for possession of a shank while in custody (Cal. Penal Code §4502(a)) violated Jackson v. Virginia, 443 U.S. 307 (1979).

On October 29, 2018, the District Court issued an order granting the petition with respect to his claim that his conviction for possession of a shank violated Jackson. Respondent was directed to vacate Petitioner's conviction for possession of a shank in violation of California Penal Code § 4502(a), and to recalculate Petitioner's sentence in accordance with the order.

On August 31, 2020, Petitioner mailed a letter to the Ninth Circuit Court of Appeals, which in turn forwarded the letter to this Court. (Doc. 73.) In his letter, Petitioner stated he had not yet been resentenced in accordance with the Court's order. On October 8, 2020, the Court directed Respondent to provide a status report advising whether the conviction had been vacated and Petitioner's sentence recalculated, and if not, why Respondent had not done so. (Doc. 74.)

On November 4, 2020, Respondent filed a response to the request for status. (Doc. 75.) In her response, Respondent advised the Court that due to inadvertence, Petitioner had not yet been resentenced. On October 15, 2020, Respondent contacted the Stanislaus County District Attorney's Office, who responded via email that the case had been scheduled for resentencing on December 10, 2020. Counsel for Respondent indicated that he would update the Court as developments arise. The time set for resentencing has passed, and the Court is unaware whether Petitioner has been duly resentenced.

Accordingly, Respondent is HEREBY DIRECTED to provide a status report within thirty (30) days of the date of service of this order advising whether Petitioner has been resentenced in accordance with the Court's order.

IT IS SO ORDERED.

Dated: **June 8, 2021**                          /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE